We'll hear the next case on the calendar, United States v. Saunders. Good morning, Your Honors. John Wallenstein for Mr. Saunders. This is really a very simple argument. Mr. Saunders got 12 years. I think he should have gotten 10, which is what the other two defendants got. And I think that Judge Feuerstein's reason for imposing the additional two years was clearly that Mr. Saunders is older than the others. She as much as said so. You can see that the sentence was well below the guideline range. Well, I have a problem with the career offender guideline. But I understand that. But the guideline range was 262 to 327 months, and your client was 144 months. Yes. The sentence was well below the found guideline range, which of course was the career offender range. What the government says is, well, she departed to 144 months from 262 at the bottom, but for the other guys, she departed a little bit more, and that therefore, Saunders' complaint is that he didn't get as much of a break. But I look at it from the other direction, and that is the plea agreement contemplated a 10-year sentence. At the time of the plea agreement, none of us knew, well, I certainly didn't know, that Mr. Saunders was in fact a career offender. I wasn't privy to his previous record at that point. That didn't come out until the PSR was issued. I don't know whether the government had access to his prior record, but I know that I didn't. And so what we discussed in the plea negotiations was, well, all right, he'll take the discharge and he'll get his 10 and everybody will be happy except my client who's doing the 10 years. And so I look at it as she gave the 10-year sentence to Mr. Barnes and to Mr. Brown, as everybody contemplated, and then she tacked on 2 years to Mr. Saunders because he was older. Sotomayor, another way to look at it is that she gave the 10 to the other two because they were younger. Well, yeah, and that's what the government says. And that would seem to be in conformity with the guidelines, Judge Kaplan. And she said at page A61, so you can't really plead inexperience and youth, as your co-defendant did. That's right. That's what she said. And I thought that 31 was young then, and I still do. But I do see a distinction between the two. Sixty is young. I'm with you there, Judge Kaplan. How old were the other two? Mr. Maffei would have that information more than I, but I think that they were maybe 6 or 7 years younger than Mr. Saunders. I could be wrong. He was 27 when the crime was committed. I believe that one of the others may have been 18 and the other was about 20, something in that range. So what's wrong with our saying, there's less of an argument on behalf of your client that his youth and inexperience contributed to the offense, and therefore I'm going to give the other guys a break, or alternatively I'm going to treat your guy a little bit more Well, I think, first of all, I think it's — I think it's worse that the younger defendant was already a career offender at the age of 18, 19, or 20. I find that much more troubling than my client being labeled a career offender because he had been involved in a high school fight some 10 years prior, and the attempted robbery conviction was really just a cell phone snatch, and I'm not belittling that as a crime, but it's not the same as planning a robbery and going out with a gun and that kind of thing. Isn't there a difference, though, the PSR indicates that your client was convicted of That was the crime he pled guilty to, the discharging of a firearm during that shooting, that's right. While the other co-defendants were convicted or participated in a shooting in which no one was injured. I think that's just fortuitous. My client was a better shot. He — I don't mean to be facetious, but he hit the target. They didn't — that doesn't mean they were any less culpable for shooting at someone. I see equal culpability on all three, and I think they should have been sentenced to the same — to the same sentence, the same 10-year sentence. Were any procedural objections raised below? I raised an objection — I don't remember. I did raise an objection at the time to the career offender designation to the — but that apparently was resolved. Didn't you withdraw it? I did, because probation came up with the demonstration that under the — that particular section of Assault 2, 120.05 sub 2 was in fact a crime of violence, and that's what — we didn't have that detail at the time. So plain error applies on review, right, with respect to the procedural? It would appear to be so. It would appear to be so. Thank you, Judge. Thank you. May it please the Court. Assistant United States Attorney Michael Maffei on behalf of the United States in this matter, Your Honors. Here, the sentence imposed by the district court was both procedurally and substantively reasonable. First, the district court did not commit plain error in imposing a 144-month sentence upon Saunders in this case. First, the defendant's guidelines were properly calculated. They were adopted by the court as found in the pre-sentence investigation report, and the guidelines in this case were very straightforward. Indeed, they weren't objected to at the sentencing proceeding, nor are they — the guidelines calculation itself being contested here, merely that — the manner in which the court found those guidelines. Next, the district court's consideration of Saunders' age in imposing the sentence. Also, it was a proper consideration for the court in this matter. Saunders' age was cited by the court in deciding what sentence to impose under that career offender guideline, as opposed to the argument by counsel at the time of the sentencing that he should receive a 120-month sentence, as the co-defendants did. She, as the district court appropriately, I argue, found that the defendant's lack of immaturity, as Judge Kaplan pointed out, was a reason to differentiate him from the co-defendants. As Your Honor, Judge Katzmann also pointed out, the defendant caused different harms in this case, and that was really the distinguishing factors. So the consideration of age here was appropriate. Both the guidelines and relevant case law do allow a district court to consider a defendant's youth or immaturity in granting a downward departure. Here, the defendant is merely arguing that the downward departure was not great enough compared to his co-defendants, who actually — co-defendant Brown did not receive any downward departure. He was sentenced to exactly what the guidelines were. And co-defendant Barnes also was a career offender, but was differentiated by the court for those reasons. Given that those history and characteristics of the defendants and his involvement in the current offense, or his participation in the offense charge, were the two primary reasons cited by the court for the sentence imposed, those weren't the only 3553 factors that the court considered. The statement of reasons that the court filed, the district court also specifically pointed to the need for deterrence and protection of the public, which, given the facts of this case, which was a gang-related shooting in which two people were left with bullet injuries, as Your Honor noted, severe bullet injuries, one being struck in the arm, the other in the testicles, that this was an appropriate sentence of 144 months. He caused greater harm than the co-defendants. And that harm was clearly a consideration of the district court in imposing the sentence. Turning to defendant's second claim. I just go back to just earlier on, on the question of the comparative youth. Isn't it the case that one of the co-defendants was 6 years younger? Your Honor, I believe at the time of the crimes committed by the relative defendants to Mr. Saunders, Mr. Barnes and Mr. Brown were both 18 years of age, I believe. Mr. Saunders was 27 years of age at the time of his commission of the crime. That, I think, was, again, that and the comparative harms caused by the defendants really, I think, is what drove the district court's sentencing here. So I think those considerations were reasonable. Turning to the substantive reasonableness claim here, obviously, a district court, it's well settled, has wide discretion and latitude in imposing a sentence. I do believe here the sentence of 144 months is no way shockingly high, given the nature of the crime and the harm caused by this defendant. And if there are no questions of the Court, I'll rely on our brief for the remainder. Thank you. Thank you. Just really briefly, I don't see anywhere in the transcript where Judge Feurstein said, because your client actually hit someone with the bullets and the other two didn't, or that she made any differentiation in the harm that was caused by the shootings. Her primary reason, and she said, considering all the factors, including your client's history and his participation, but she considered that with the others as well, and his age being higher than the others, I'm going to give him more time, and she added 20 percent. That's a significant difference. And I think that's the only reason she did it, and I don't think that's appropriate. Thank you. Thank you. Thank you both for your arguments. The Court will reserve decision. The next case on the calendar, Best v. Babarata et al., is on submission. The Clerk will adjourn Court. We will return for the case of Peter Gould v. Salvatore LaMonica. Okay.